**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Margaret Cerrito, a/k/a Peggy Cerrito,<br><br>Plaintiff,<br><br>vs.<br><br>Gatestone & Co. International Inc., f/k/a Collectcorp Corporation,<br><br>Defendant. | Civil File No.: 12-cv-1732 (ADM/JJG)<br><br><br>**AMENDED COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and Defendant's Invasions of Plaintiff's Privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), the TCPA, and under 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Margaret Cerrito a/k/a Peggy Cerrito ("Cerrito" or "Plaintiff") is a natural person and a consumer residing in the County of Ramsey, State of Minnesota.

5. Defendant Gatestone & Co. International, Inc. f/k/a Collectcorp Corporation ("Gatestone" or "Defendant") is a debt collection agency with a corporate address of 1000 N. West Street, Suite 1200, Wilmington, Delaware 19801. Gatestone is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Beginning on or about May 17, 2012 and continuing through June 13, 2012, Gatestone attempted to collect an alleged financial obligation owed to American Express, which was used primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Beginning on or about May 17, 2012 and continuing through June 13, 2012, Defendant and the collectors employed by Defendant repeatedly contacted Plaintiff on her cellular telephone and at her place of employment in an effort to collect a debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

*Telephone Consumer Protection Act*

8. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

9. At all times relevant to this complaint, Defendant has owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

10. Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

11. Defendant at all times relevant to the complaint herein engaged in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

12. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal and Harassing Communications*

14. On or about May 2011, the debt with American Express was assigned, consigned or otherwise transferred to Gatestone for collection from Plaintiff.

15. Beginning on or about May 17, 2012 and continuing through June 13, 2012, Gatestone repeatedly communicated with Plaintiff in an attempt to collect a debt and in connection with the collection of a debt by continuously communicating with Plaintiff at her place of employment and by communicating with her on her cellular telephone.

16. During this time period, Gatestone continuously and repeatedly placed telephone calls to Plaintiff's place of employment and on Plaintiff's cellular telephone in succession and repeatedly on a daily basis in an attempt to collect a debt and in connection with the collection of a debt in violation of 15 U.S.C. § 1692d and 1692d(5).

17. During this time period, Gatestone in addition to communicating with Plaintiff via her work telephone and her cellular telephone, placed telephone calls with third parties at Plaintiff's place of employment in violation of 15 U.S.C. §§ 1692b, 1692c(b), and 1692d.

18. Specifically Gatestone contacted Plaintiff's co-worker Katherine Fagen on or about May 17, 2012 in an attempt to collect a debt and in connection with the collection of a debt after Gatestone already had contact information for Plaintiff, and already knew how to contact Plaintiff.

19. Gatestone also contacted Plaintiff's co-worker Patricia Kinner on or about May 22, 2012 in an attempt to collect a debt and in connection with the collection of a debt after Gatestone already had contact information for Plaintiff, and already knew how to contact Plaintiff.

20. Gatestone also contacted one of Plaintiff's ex-student's, Bruno Yang, on or about June 2, 2012 in an attempt to collect a debt and in connection with the collection of a debt after Gatestone already had contact information for Plaintiff, and already knew how to contact Plaintiff.

*Cease and Desist Ignored*

21. On June 5, 2012, Plaintiff sent a letter to Gatestone via certified mail to inform Gatestone that Gatestone was calling Plaintiff's cellular telephone. *See* Exhibit 1.

22. Plaintiff also identified her cellular telephone number (651-324-3963), and she specifically instructed Gatestone to stop calling her on her cellular telephone. *See* Exhibit 1.

23. Gatestone received Plaintiff's letter on June 11, 2012. *See* Exhibit 2.

24. Gatestone communicated with Plaintiff by leaving telephonic messages after Plaintiff specifically requested that Gatestone stop contacting Plaintiff on her cellular telephone on the following dates:

    - June 12, 2012;
    - June 13, 2012;
    - twice on July 23, 2012; and on
    - July 20, 2012.

*Summary*

25. All of the above-described collection communications made to Plaintiff by Defendant and its debt collection employees, employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as invasions of her privacy by the use of repeated calls.

**TRIAL BY JURY**

26. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

27. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

28. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

29. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

30. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

31. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et seq.**

32. Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

33. Within the one year period immediately preceding this action, Defendant made numerous calls to Plaintiff's cellular telephone service using an automatic

telephone dialing system in violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200(a)(1)(iii).

34. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this complaint, caused Plaintiff to sustain damages.

36. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cellular telephone.

37. Defendant made such calls willfully, and in direct contradiction to the Plaintiff's June 5, 2012 written demand to cease and desist calling her cellular telephone.

38. Under the 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

39. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

40. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

**COUNT III.**

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41. Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

42. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

    *Abusive debt collection practices contribute* to the number of personal bankruptcies, to marital instability, to the loss of jobs, and *to invasions of individual privacy*.

    15 U.S.C. § 1692(a) (emphasis added).

43. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

44. Defendant intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

45. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

46. The conduct of Defendant in engaging in the above-described illegal attempts to collect this debt resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

47. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant under the doctrine of Respondeat Superior liability.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper;

### COUNT II: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

- For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;
- For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;
- For an injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a);

### COUNT III: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- For an award of actual and compensatory damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in a reasonable amount in excess of $50,000.00; and

- For such other and further relief from Defendant as may be just and proper.

Dated:  August 8, 2012.  **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
Patrick L. Hayes (0389869)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com